James L. Miller, Esq.   SBN 123944
P.O. Box 195, 308 ½ Marine Ave.
Newport Beach, CA 92662-0195
(949) 675-3590   fax (949) 675-3591
jlimesq@dslextreme.com

Attorney for Newport Harbor Lutheran

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWPORT HARBOR LUTHERAN CHURCH, A California Non-Profit Corp., as Assignee from Abigail Abbott Staffing Services, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; CTK INSURANCE SERVICES; Does 1 to 15<br><br>Defendants | CASE NO.: SACV 11-0562-DOC (MLGx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND**<br><br>DATE: June 20, 2011<br>TIME: 10:00 a.m.<br>Courtroom: 9-D |

TO THE PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT plaintiff, Newport Harbor Lutheran Church ("NHLC"), hereby moves this court for an Order to Remand the Removal of this action to Orange County Superior Court, set for hearing as indicated above.

This motion is brought on the grounds that there is less than complete diversity of citizenship in the plaintiff's initial pleading, rendering federal diversity jurisdiction inappropriate, since the California co-defendant continued to and is still doing the same business, under the same name, and at the same location, as the agent alleged in the plaintiff's complaint. These facts and circumstances establish incomplete diversity of

Notice and Motion to Remand

# TABLE OF CONTENTS

Page No.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. SUMMARY OF ARGUMENTS. ................................................................. 3

2. BACKGROUND FACTS OF THE UNDERLYING ACTION AND FOR THIS MOTION. ........................................................................................... 3

3. DEFENDANT WILL NOT BE ABLE TO CARRY ITS SUBSTANTIAL BURDEN IN PROVING THAT JOINDER OF CTK IS FRAUDULENT. 4

4. CURIOUSLY, WITH DEFENDANT AS THE PARTY WHICH MUST CARRY A 'HIGH BURDEN', AND SINCE DEFENDANT HAS NOT YET MADE ITS ARGUMENT OR PRESENTED EVIDENCE, PLAINTIFF HEREIN ESTABLISHES ALL REQUIRED OF IT FOR REMAND.   6

5. REMOVAL WAS NOT TIMELY. .............................................................. 8

6. CONCLUSION. ............................................................................................ 9

# TABLE OF AUTHORITIES

**Cases** — Page No.

*Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). — 5

*Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1983). — 5

*Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979). — 5

*Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992). — 5

*Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D.Cal. 1998). — 5,6

*Green v. Amerada Hess Corp.*, 707 F.2d. 201, 205 (5th Cir. 1983). — 5

*Marks v. Minnesota Mining & Mfg. Co.* (1986) 187 Cal.App.3d 1429, 1435. — 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) — 8,9

**Statutes**

28 U.S.C. §1332(a). — 5

28 U.S.C. §1441(a). — 5

28 U.S.C. §1446(b) — 8

California Code of Civil Procedure §415.40 — 8

**Treatises**

Schwartzer, Tashima etal., <u>California Practice Guide</u>: *Federal Civil Procedure Before Trial §2:670* — 5

1. parties, and certainly are sufficient to refute defendant's burden of proving fraudulent joinder.

2. Plaintiff also moves to remand since this matter was not removed until 32 days after the defendant's "receipt" of the Summons & Complaint, which had been delivered to it pursuant to formal process under California Code of Civil Procedure §415.40.

3. Commencing with plaintiff's counsel's letter of April 25, 2011 to defense counsel, Stephen Newton, his written response and other communications between the parties' counsel, there have been numerous efforts to meet and confer about this motion which have yet failed to resolve these issues.

4. This motion is made pursuant to 28 U.S.C. §§1447 and 1446(b), and their interpretations, and based upon this Notice and the Memorandum of Points and Authorities hereunder, the Declaration of James L. Miller, and any Exhibits thereto, and oral arguments or evidence subsequently submitted hereon.

Dated: May 12, 2011

_____
James L. Miller, Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. SUMMARY OF ARGUMENTS.

Plaintiff moves to remand on two grounds: **1.** This matter is not completely diverse since the alleged agent or broker of the carrier is a citizen of Orange County, California; and **2.** Although the matter was removed within 30 days of the effective date of service pursuant to CCP 415.40, notice of removal was not filed within 30 days of defendant's receipt, and 28 U.S.C. §1446(b) provides that "receipt" and not "service" is what is to be measured to determine if removal had been timely.

## 2. BACKGROUND FACTS OF THE UNDERLYING ACTION AND FOR THIS MOTION.

In about mid-2002 plaintiff requested a temporary, office-manager employee from the allegedly now-defunct, local Orange County-based hiring agency, Abigail Abbott ("Abbott"). Plaintiff's long-term office person was aging and retiring, and the Church was looking for a good – but above all trustworthy – eventual permanent replacement. (Cheryl) Leann Granger seemed both competent and willing, and so a few months after Abbott selected and placed Ms. Granger as the sole office personnel of Newport Harbor Lutheran Church ("NHLC"), plaintiff paid Abbott for this second act of performance, this time to hire Ms. Granger as a "permanent" referral. Unfortunately, and unknown by all others during that time, in the 1990s Ms. Granger had accumulated a criminal record in Los Angeles County for three instances of embezzlement. As NHLC's office manager, she forged checks and stole from the Church, as best as could be re-constructed, about $323,000 between 2002 and 2006. The Newport Beach police tracked her down with her husband who was a computer science professor at now Dartmouth College, and in 2008 Ms. Granger was sentenced in Orange County Court to six years in a California prison.

Back to this Motion for Remand. Plaintiff sued Abbott for its negligence in not referring a "trustworthy" person, and since all of Abbott's insurers denied it even a

defense, Abbott settled with NHLC primarily with an assignment of rights pertaining to the denied coverage(s) along with a judgment and Abbott's costs of defense to be enforced against the Abbott carrier(s). (The actual Settlement Agreement is supposed to remain confidential in its terms). NHLC has now sued the instant defendants pursuant to this assignment. The foreign defendant, Federal Insurance, has removed, and in the process claims that the local defendant was added merely as a sham. Since Abbott is no longer operating, NHLC is proceeding on the limited information that it obtained from Abbott. Abbott was represented by James Bernald of Howrey, and now that firm in also dismantled.

So, plaintiff's counsel paid a visit to the co-defendant agency on May 23, 2011, and spoke with its present co-owner (and/or the wife of the owner), Belva Seymer. The pertinent substance of that conversation is set forth in the Declaration of James L. Miller served and filed with this motion, but in essence, it seems to plaintiff that despite the contention by the defense that the agency changed form and legal filing status, it is still active, and in Anaheim, and that it still can be sued and held liable for actions relating to the time frame of the Abbott coverage at issue.

After the removal papers were reviewed, on April 18, 2011 plaintiff checked to see if indeed CTK Insurance Agency ("CTK") was out of business. It is not, and therefore counsel sent a meet and confer letter to defense counsel requesting voluntary remand, which was refused. Documentation printed from CTK's website, including a page which indicates CTK has been serving Orange County as "a leading provider of insurance products" since it was "founded in 1974" was attached to the letter for proof. A true and correct copy of that letter and the attachments are Exhibit "1" to the Miller Declaration.

### 3. DEFENDANT WILL NOT BE ABLE TO CARRY ITS SUBSTANTIAL BURDEN IN PROVING THAT JOINDER OF CTK IS FRAUDULENT.

A federal court has removal jurisdiction over a matter brought in state court if it

4

Notice and Motion to Remand

1 would have had original jurisdiction. *28 U.S.C. §1441(a)*. Federal courts have original jurisdiction under 'diversity' if the amount in controversy exceeds the monetary threshold (which this one admittedly does) and the action is between parties of diverse citizenship. *28 U.S.C. §1332(a)*. An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Schwartzer, Tashima etal., California Practice Guide: *Federal Civil Procedure Before Trial §2:670* (Thompson West 2010). Fraudulent joinder is a term of art, and requires no proof of scienter on the part of the plaintiff. *Id. @ 671*. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing party to demonstrate that removal is proper. *See, e.g., Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joiner." *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). The defendant's burden is a heavy one, and it must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. *Green v. Amerada Hess Corp.*, 707 F.2d. 201, 205 (5th Cir. 1983). On a motion for remand, the court will not predict whether the plaintiff will actually or even probably prevail on the merits, but the court only looks for the ***possibility*** that plaintiff may do so. If that possibility exists, then a good faith assertion of such expectancy in state court is not a sham, and does not constitute a fraudulent joinder, in fact or in law. *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D.Cal. 1998). <u>The defendant must demonstrate that this is **no possibility** that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.</u> Therefore, in order to apply this high standard of proof required of the removing party, the court must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1983).

### 4. CURIOUSLY, WITH DEFENDANT AS THE PARTY WHICH MUST CARRY A 'HIGH BURDEN', AND SINCE DEFENDANT HAS NOT YET MADE ITS ARGUMENT OR PRESENTED EVIDENCE, PLAINTIFF HEREIN ESTABLISHES ALL REQUIRED OF IT FOR REMAND.

There is no question that CTK Insurance Agency is alive and well and operating in Anaheim, California. Based both upon the fact that Abbott provided NHLC with some cover sheets from CTK indicating CTK provided Abbott's coverages, and from such further confirmation from CTK's website and the brief conversation with Ms. Seymer at CTK in early May 2011, there is no doubt that CTK is the proper party to this lawsuit.

From the meet and confer correspondence from Federal's counsel, it seems that Federal will be attempting to establish that the active and operating "CTK Insurance Services" is currently a different entity than the "CTK Insurance Services" that provided Abbott with its coverages between 2002 and 2006. However, it is clear from the Googled pages attached to Miller's Meet and Confer letter (Exhibit "1" to this Motion) that all of the name, address, and telephone numbers are those same ones which CTK listed on the Abbott correspondence which was provided to NHLC. The phone, address and name on the website of "ctkins.com" are also the exact same numbers as those on the Abbott insurance correspondence that it provided to NHLC. (It seems also that from its website moniker CTK is likely using the same web-domain address as it did initially). CTK also holds itself out to the public, certainly for marketing purposes, both on the side of its building and on the building directory, as the very same-named insurance agency that existed during the Abbott coverage periods.

Really, nothing has changed about CTK except allegedly legal disclosure filings with the California Secretary of State. Based upon this, at best for Federal mixed evidence, there clearly exists a "possibility" that plaintiff can establish a cause of action against CTK in state court. (*Good v. Prudential, supra; Dodson v. Spiliada Maritime, supra*).

Moreover, assuming a change in legal form, legal standards nonetheless indicate that there is at least a triable issue as to whether the current CTK is a successor in liability for the alleged former CTK. Firstly, if one corporation has merged into another, the surviving corporation is subject to all liabilities of the merged or now-defunct corporation. On its website, CTK informs the public that it is now "part of the INSURICA Insurance Management Network." ( See the pages attached as part of Exhibit "1"). Ms. Seymer also mentioned this fact. Is this what caused CTK's governmental filings change(s)?

There is also the *possibility* that the current CTK is liable (if it is actually a different entity than the original CTK) as a successor under the precept of "*de facto*" merger liability. *Marks v. Minnesota Mining & Mfg. Co.* (1986) 187 Cal.App.3d 1429, 1435. Broadly, a *de facto* merger results from a corporate acquisition in the form of an asset sale, but which, in effect, achieves the same result as a merger. Five factors are relevant:

1. Consideration (was a stock swap part of the transition);
2. Did purchaser continue the same business after the sale;
3. Are Seller's shareholders some of purchaser's shareholders;
4. Was Seller liquidated after the 'sale';
5. Did purchaser assume those same liabilities of the seller as necessary to carry on the seller's business.

For a motion to remand we do not need to know the answers to all of these questions; there is enough objective evidence of successor liability to create such a possibility. The Motion for Remand has to be brought (timely), and eventually discovery we reveal the answers. However, we do know that CTK continued at the same location under the same name to which it held itself out to the public, and for sure kept Abbott as a client until sometime in 2010, and CTK is likely servicing the same client list, who were probably told the product and service is just the same, and such continuity was undoubtedly a huge part of any alleged transition. CTK, the current one,

obviously did not want to be known to its clients and referrals as a different entity due to some filing with the Secretary of State. It wanted to keep the same identity, via the same address, website, phone numbers, etc. All this is clear from the objectively verifiable, and indisputable, evidence.

Other than its undisclosed ownership, CTK now (purposely) appears to be no different than the CTK involved with Abbott's insurance during the period relevant to the assignments granted to plaintiff. We have the right defendants and there is no question that CTK Insurance Services is a citizen of California.

**5. REMOVAL WAS NOT TIMELY.**

28 U.S.C. §1446(b) reads in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons . . . whichever period is shorter.

In the meet and confer, the defense has taken the position that the date of service controls, but the code section still reads "receipt" of the initial pleading. The Supreme Court has interpreted section 1446 in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999), and ruled that receiving a faxed, courtesy copy of the complaint was insufficient "receipt." The Supreme Court goes on to explain that the time to remove is "not [triggered] by mere receipt of the complaint unattended by any formal service." *Id.* @ 348.

C.C.P. Section 415.40 provides that the out-of-state defendant may be served by sending a copy of the summons & complaint, via U.S. Mail, Certified and Return Receipt, to the defendant's address. Plaintiff has availed itself of this manner of service by sending the initial pleading to Federal Insurance at its home office in New Jersey, on March 7, 2011. Since it was certified mail, plaintiff checked by telephone to the USPS when the delivery was made, and the official Post Office record of item No. 7007 26890 0001 8295 9536 states that Federal signed as "receiving" the Summons &

Notice and Motion to Remand

Complaint at 9:40 a.m. on March 11, 2011.

Plaintiff takes the position that long-arm service, which is permissible and inexorably leads to "service", pursuant to C.C.P. §415.40, is significantly distinguishable from a faxed courtesy copy of the initial pleading. Plaintiff contends that such "service", despite the fact that the defendant has an extra 10 days from "mailing" (not receipt) to file a responsive pleading, is nevertheless tantamount to the 'formal process' which the Supreme Court calls for in *Murphy Bros.* to trigger the clock for the removal deadline.

Since Federal did not file its Notice of Removal until April 12, 2011, which is 32 days after the Post Office reports it received the process, plaintiff contends that removal was untimely, and order of remand should then follow.

## CONCLUSION.

It does not seem that defendant can carry its heavy burden of proving that CTK is a sham defendant. Unfortunately for defendant, it has remained in business and appears to be acting just like it did when it was involved with Abbott before that firm became defunct. There is patently a "possibility" of liability of the 'current' CTK. As such, we do not have complete diversity, and remand is appropriate.

Secondly, it seems that the statute addressing "receipt" is clear, and despite some further clarification by the Supreme Court, the commencement of the removal clock is still measured by receipt, and not 30 days prior to when a responsive pleading is due.

Wherefore, plaintiff respectfully requests that the court remand this action to Orange County Superior Court.

DATED: May 11, 2011

*[signature]*
James L. Miller for NHLC

1

<div style="text-align:center">**PROOF OF SERVICE**</div>

2  State of California, County of Orange

3

4    At the time of service, I was over the age of 18 years and not a party to this action. My business address is P.O. Box 195, Newport Beach, CA 92662-0195.

5    On _May 12, 2011, I served the following document(s):

6  Notice of Motion and Motion for Order to Remand Action to Superior Court

7    The documents were served upon the following persons at the addresses:

8

9  Stephen Newton
P.O. Box 1059
Mountain View, CA 94042

10

11    The documents were served by the following means:

12  [   ] (By U.S.Mail) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

13

14    [   ] Placed the envelope or package for collection and mailing, following ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S.Postal Service, in a sealed envelope or package with the postage fully prepaid.

15

16

17    [   ] (By Overnight Delivery) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or regularly used drop box of the overnight delivery carrier.

18

19

20  [ X ] (By Electronic Service) I caused the forgoing document to be served by electronic service through the courts' website.

21  [ ] (By Personal Service) I caused the envelope or package to be personally delivered to the persons at the addresses listed above.

22

23

24    I declare that I am employed in the office of member of the bar of this Court at whose direction the service was made.

25    Executed on _____5/12_____, 2011 at Newport Beach, California.

26

27

28            _____
          James L. Miller

<div style="text-align:center">10</div>

Notice and Motion to Remand