Stephen L. Newton (#57897)
Lenell Topol McCallum (#84024)
NEWTON REMMEL
A Professional Corporation
1451 Grant Road, P.O. Box 1059
Mountain View, CA  94042
Telephone:  (650) 903-0500
Facsimile:  (650) 967-5800
Email:  snewton@newtonremmel.com
         lmccallum@newtonremmel.com

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NEWPORT HARBOR LUTHERAN CHURCH, A California Non-Profit Corp., as Assignee from Abigail Abbott Staffing Services, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY; CTK INSURANCE SERVICES; DOES 1 through 15, <br><br> Defendants. | Case No.:  SACV 11-0562-DOC (MLGx) <br><br> [Orange County Superior Court Action No.30-2011 00449639] <br><br> **DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** <br><br> Hearing Date:   June 20, 2011 <br> Time:           10:00 a.m. <br> Courtroom:      9-D <br><br> Complaint Filed: February 14, 2011 |

Defendant FEDERAL INSURANCE COMPANY ("Federal") submits the following opposition to the motion for remand of plaintiff NEWPORT HARBOR LUTHERAN CHURCH ("NHLC").  Federal will demonstrate the removal to this Court was proper in that defendant CTK INSURANCE SERVICES ("CTK"), the non-diverse party, was fraudulently joined.  There is no possibility that NHLC will be able to establish a cause of action against CTK in this coverage action which asserts breach of the insurance contract and breach of the implied covenant of good faith and fair dealing, wherein the only allegation regarding CTK is

1  that it was the agent or broker of Federal for the procurement of the policies at issue. There are
2  no actionable facts specific to CTK. Furthermore, the entity named as a defendant is a
3  dissolved corporation.

4      Finally, the removal by Federal was timely filed on April 12, 2011. NHLC mailed a
5  copy of the State Court Complaint and Summons to Federal in New Jersey on March 7, 2011.
6  Under California Code of Civil Procedure section 415.40, service is not effective until ten days
7  after mailing, i.e., March 17, 2011. The notice of removal was filed well within thirty days
8  from the effective date of service. Additionally, service was defective for failing to follow the
9  requirements of California Code of Civil Procedure section 415.40. NHLC's motion for
10 remand is wholly without merit and should be denied.

11 **I.  FACTS AS ALLEGED IN THE COMPLAINT**

12     This is an insurance coverage dispute between NHLC, as assignee of Abigail Abbott
13 Staffing Services ("AASS"), and Federal, as an insurer of AASS. Federal issued a general
14 liability policy to AASS, policy no. 7978-79-91, and a commercial umbrella policy, policy no.
15 7978-79-92, for the period October 1, 2001 to October 1, 2002. (Compl., ¶2.) NHLC contends
16 that AASS was wrongly denied a defense and indemnity by Federal in connection with an
17 underlying action filed by NHLC against AASS arising out of the referral of an AASS
18 employee to NHLC, who then stole $323,870.70.[1] (Id., ¶¶ 4-7.) NHLC further alleges that
19 Federal had a duty to fully investigate the facts prior to denying coverage and had it done so,
20 the fact indicating coverage would have been evident to Federal. (Id., ¶7.)

21     The first cause of action for breach of contract alleges that Federal breached its contract
22 with AASS, particularly the CGL policy, by failing to defend and/or indemnify AASS. (Id.,
23 ¶13.) It references Federal's declination of coverage of February 19, 2009. (Id., ¶11.) The
24 first cause of action contains no allegation of conduct by CTK. Rather, it merely incorporates
25 the prior allegation, on information and belief, that CTK was "the agent or broker of Federal for

26 ─────────────────
27 [1] Federal denies each of the allegations of wrongful conduct in the complaint and asserts that its coverage position was correct and that its claim handling and investigation were reasonable and in good faith.
28

DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND [SACV 11-0562-DOC (MLGx)]- 2 -

1  the procurement of the policies." (Id., ¶¶1 and 8.)  CTK is not a party to the insurance contract
2  between Federal and AASS.
3       The second cause of action asserts that "defendants" breached the implied covenant of
4  good faith and fair dealing which "is owed to all insureds, and is implied in every contract of
5  insurance, in the State of California." (Id., ¶16.)  NHLC then asserts that the failure of Federal
6  to provide a defense to AASS placed a financial burden on AASS that forced it to dissolve.
7  (Id., ¶17.)  Paragraph 18 sets forth the acts or failures to act in the claims handling by Federal
8  that allegedly breached the covenant.  These include alleged violations of various sections of
9  the California Code of Regulations, which are directed to insurers, such as section 2695.4 (a),
10 by failing to disclose coverages of any Federal policy that may apply to AASS' losses, section
11 2695.5(b), by failing to provide AASS with a complete response based on known facts, section
12 2695.4(e), by failing to timely specify information the claimant must provide, failing to process
13 the claim, section 2695.7(b), by failing to provide a statement listing all bases for the denial,
14 section 2695.7(c), by failing to write the insured ever thirty days during the pendency of the
15 claim and section 2695.7(d), by failing to conduct a thorough investigation.  (Compl. at ¶
16 18(A)-(I).)  In paragraph 18 (J) of the Complaint, NHLC further alleges that "Federal has
17 knowingly committed" various acts which are set forth in (i) through (vii).  These include
18 misrepresenting facts and policy provisions, failing to act promptly upon communications with
19 the insured, failure to timely affirm or deny coverage, failing to settle, compelling the insured
20 to institute litigation and failing to provide an explanation of the basis of its coverage position.
21 (Id.)  Paragraph 19 states that "Federal has caused additional, extra-contractual damages to
22 AASS" and paragraph 20 states that, by the foregoing breaches of the covenant, "Federal has
23 subjected itself to paying plaintiff's reasonable attorneys fees" under Brandt v Superior Court.
24 Finally, paragraph 21 alleges that these breaches were engaged in "by Federal" with callous
25 disregard for the rights of the insured warranting punitive damages.  Thus, the second cause of
26 action contains no supporting allegations of conduct by CTK.
27
28

## II. LEGAL ARGUMENT

### A. CTK INSURANCE SERVICES WAS FRAUDULENTLY JOINED

Federal contends that complete diversity exists in this matter. As alleged in the Complaint, NHLC was, at the time this action was filed, and still is a California non-profit corporation located in Newport Beach, California. Federal was, at the time this action was filed, and still is, incorporated in the State of Indiana, with its principal place of business in New Jersey. Federal is not a citizen of the State of California. NHLC also named as a defendant CTK Insurance Services, a now defunct corporation, which is alleged to be "of Anaheim Hills" and involved in the procurement of the Federal policies which incepted in October of 2001. Federal contends that CTK was fraudulently joined.

A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction where the non-diverse defendant has been fraudulently joined. (Zogbi v. Federated Dept. Store, 767 F.Supp. 1037, 1041 (C.D.Cal. 1991) (citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987)).) The Ninth Circuit has held, "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987).) The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent. (Id.) The McCabe case involved a discharged employee who sued his employer and immediate supervisors for wrongful termination. The court therein held that the supervisors were not liable for the wrongful termination of an employee and thus "their joinder as defendants … was sham; their presence did not destroy diversity." (Id.) In this case, there is no possibility that NHLC has set forth a valid cause of action against CTK.

The complaint filed by NHLC is very much like the complaint at issue in <u>Cavallini v State Farm Mutual Auto Ins. Co</u>., 44 F.3d 256 (5th Cir. 1995). [2] In <u>Cavallini</u>, the insureds, who claimed their newborn son was covered under their hospitalization policy, filed suit in state court against their insurer and insurance agent asserting claims for breach of contract and breach of the duty of good faith and fair dealing. The complaint repeatedly referred to the insurer and did not mention the insurance agent at all. Defendants removed action to federal court and the insureds moved to remand. The Fifth Circuit found that the complaint did not contain allegations that could support a claim under Texas law against the insurance agent, and affirmed the denial of the motion to remand.

In a case applying California law, <u>Good v Prudential Ins. Co. of America</u>, 5 F.Supp.2d 804 (N.D. Cal. 1998), the Northern District of California held that an insurance agent could not be held liable on tort or contract claims arising from the actions of the insurer. The joinder of the non-diverse insurance agent was determined to be fraudulent and did not preclude removal. (<u>Id</u>. at 808.) In <u>Good</u>, the complaint alleged that the insurance agent made numerous misrepresentations concerning benefits of a life insurance policy with Prudential while acting within the scope of her agency and the misrepresentations were alleged to be part of a nationwide pattern of deceptive conduct by Prudential. (<u>Id</u>. at 806.) Prudential removed the case asserting that diversity jurisdiction existed even though the agent and the insured were citizens of California. The insured moved to remand. The court found that <u>Lippert v Bailey</u>, 241 Cal.App.2d 376 (1966) and <u>Gasnik v State Farm Ins. Co</u>., 825 F. Supp. 245 (E.D. Cal. 1992) established there was no possibility that the insured would be able to establish a cause of action against the insurance agent. The California Court of Appeal in <u>Lippert</u> held that liability to the insured "for acts or contracts of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the company" and in <u>Gasnik</u>, the District Court found

---

[2] Although Federal cited to <u>Cavallini v State Farm Mutual Auto Ins. Co</u>., <u>supra</u>, and <u>Good v Prudential Ins. Co. of America</u>, 5 F.Supp.2d 804 (N.D. Cal. 1998) in paragraph 7 of its notice of removal, NHLC did not address either of these cases in its motion for remand.

DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND [SACV 11-0562-DOC (MLGx)]- 5 -

1  that the plaintiff, in his case against an insurance company, had fraudulently joined the
2  insurance agent who sold him his policy.

3  The complaint herein does not contain any allegations which could support breach of
4  contract or breach of the implied covenant of good faith and fair dealing against CTK.  There
5  are no allegations of misrepresentations by CTK as there were in the <u>Good</u> case, discussed
6  above.  NHLC's complaint names CTK as a defendant, but alleges no actionable facts specific
7  to CTK.  The only factual allegation even mentioning CTK merely states, on information and
8  belief, that "CTK Insurance Services, of Anaheim Hills, was the agent or broker of Federal for
9  the procurement of the policies which Federal issued to AASS."  The remainder of NHLC's
10 pleading refers to conduct by Federal and in the paragraph 18 referring to breaches by
11 "defendants," all of the actions or failures to act were alleged to be by Federal and can in no
12 way be attributed to CTK.  Both NHLC's factual allegations and its articulation of its legal
13 claims focus solely upon Federal's conduct in the processing and ultimate denial of AASS'
14 claim.

15 NHLC contends that AASS provided some "cover sheets" indicating that CTK procured
16 its coverages through CTK Insurance Services.  The only proposals attached to the declaration
17 of James Miller in support of NHLC's motion for remand are dated September 25, 2006 and
18 September 9, 2005, four years after the Federal policies were issued, and both involve policies
19 issued by National Union Fire Insurance Company, not Federal.  NHLC has presented no
20 factual basis to support its allegation that CTK was involved with the procurement of the
21 Federal policies in 2001.

22 **B.     THE NAMED DEFENDANT IS DISSOLVED**

23 Federal also contends that NHLC cannot state a valid cause of action against the CTK
24 defendant identified in the complaint because that entity no longer exists. The records of the
25 California Secretary of State indicate that CTK Insurance Services, Inc. is a dissolved
26 corporation. In addition, the records of the California Department of Insurance indicate that the
27 agency license of CTK Insurance Services has been inactive as of February 28, 2009.  Attached
28

DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND [SACV 11-0562-DOC (MLGx)]- 6 -

1  as Exhibits A and B to the Declaration of Stephen L. Newton ("Newton Decl."), served and
2  filed herewith, are true and correct copies of the results of the online searches of the records of
3  the Secretary of State and the Department of Insurance regarding CTK Insurance Services.
4      In its motion, NHLC asserts that "CTK Insurance Agency is alive and well and
5  operating in Anaheim, California."  Not so.  CTK North American, LLC appears to be alive
6  and well, but CTK North American LLC is not the defendant in this action.  Nor could it be the
7  alleged agent or broker for the procurement of the Federal policies issued in October of 2001.
8  A review of the records of the Secretary of State confirm that CTK North American, LLC was
9  formed on March 13, 2007 and was not in existence in 2001 when the Federal policies were
10 issued.  (Newton Decl., Exhibit C.)  A license status check on the website for the California
11 Department of Insurance confirms that CTK North American, LLC is doing business as CTK
12 North American Insurance Services in California, and that its license was active as of August 7,
13 2007.  (Newton Decl., Exhibit D.)  Moreover, Federal is not listed among the insurers for
14 whom CTK is authorized to transact business.  (Id.)  The defendant named in the complaint,
15 CTK Insurance Services, no longer exists, no longer has an active license nor was CTK North
16 American, LLC the agent or broker of Federal in 2001 when the Federal policies were issued.

17     **C.**    **REMOVAL WAS TIMELY FILED**

18     NHLC also asserts that Federal's notice of removal was not filed within the thirty day
19 time limit of 28 U.S.C. § 1446.  There is no dispute that the statute provides that a notice of
20 removal of a civil action must be filed within 30 days after "the receipt by the defendant,
21 through service or otherwise," of the initial pleading that establishes the basis for removal.  (28
22 U.S.C. § 1446(b).)  NHLC calculates the 30 days from Federal's receipt of the summons and
23 complaint.  Such a position is contrary to the United States Supreme Court's holding in Murphy
24 Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) wherein the Court
25 made clear that the defendant's time to remove is triggered only by formal service of the
26 summons or complaint, "not by mere receipt of the complaint unattended by any formal
27 service."  As receipt of the fax was not formal service in Murphy Bros, receipt of the envelope
28

1  was not formal service on Federal. To determine whether Federal timely filed its notice of

2  removal, the Court must determine when, if ever, Federal was formally served by NHLC under

3  California Code of Civil Procedure section 415.40.

4  The sufficiency of service of process prior to removal from state court is determined

5  under state law. (Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir.1993), overruled on

6  other grounds, California Dept. of Water Resources v. Powerex Corp., 533 F.3d 1087, 1096

7  (9th Cir. 2008) and City of Clarksdale v. BellSouth Telecommunications, Inc., 428 F.3d 206,

8  210 (5th Cir. 2005).) California Code of Civil Procedure section 415.40 authorizes service of

9  process on persons outside the state by certified mail and states, "[s]ervice of a summons by

10  this form of mail is deemed complete on the 10th day after such mailing." In fact, the letter

11  purporting to serve Federal under section 415.40 in this matter states: "Under California law,

12  this service of process is deemed complete on the 10th day after the date of this mailing."

13  (Newton Decl., Exhibit E.) Thus, service of the summons and complaint on Federal in New

14  Jersey, mailed on March 7, 2011, could only be effective on March 17, 2011.

15  In Watts v. Enhanced Recovery Corp., 2010 WL 3448508, fn 1 (N.D. Cal. 2010), the

16  District Court found that Defendant's notice of removal was timely based on the assumption

17  that Plaintiff properly served Defendant under California Code of Civil Procedure section

18  415.40 by mailing the summons and complaint on May 3, 2010: "In that case, service of

19  process was deemed complete on May 13, 2010, and [Defendant] had 30 days to file a notice of

20  removal, or until June 12, 2010." Consistent with the calculation in Watts, Federal had 30 days

21  from March 17, 2011 which was the effective date of service, i.e., 10 days after mailing, not the

22  date of Federal received the envelope as NHLC contends. Federal's removal to this Court on

23  April 12, 2011 was timely.

24  However, Federal was not properly served in accordance with Code of Civil Procedure

25  section 415.40 and the 30-day period for removal had not yet begun to run when Federal filed

26  the notice of removal. Mailing of a summons and complaint to an out-of-state corporation in

27  an envelope addressed to the corporation generally, and not to an enumerated officer, does not

28

DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND [SACV 11-0562-DOC (MLGx)]- 8 -

G:\docs\P3553\102416.DOC

constitute valid service by mail. (<u>Dill v. Berquist Construction Co</u>., 24 Cal.App.4th 1426 (1994).) In <u>Dill</u>, the plaintiff mailed a copy of the summons and complaint to "Berquist Construction Co.," without naming any of the persons to be served described in § 416.10. (<u>Id</u>. at 1432, 1434.) The court held that such service does not strictly comply with the service requirements set forth in section 416.10 and did not constitute valid service. (<u>Id</u>. at 1436.)

As evidenced by the declaration of counsel for NHLC, the letter purporting to serve Federal was addressed to Federal Insurance Company; it was not directed to a corporate officer or to an agent expressly authorized to accept service on behalf of the corporation. (Declaration of James Miller, ¶ 9, in support of the motion of NHLC; see also Newton Decl., which attaches a copy of the letter received by Federal as Exhibit E.) Therefore, as was true of the defendant in <u>Watts v. Enhanced Recovery Corp</u>., <u>supra</u>, 2010 WL 3448508, Federal was never formally served and the 30-day period for removal, which is triggered only by formal service, had not yet begun to run Federal filed the notice of removal.

### III. CONCLUSION

Based on the foregoing, the motion for remand of NHLC should be denied. NHLC did not and cannot state a valid cause of action for breach of the insurance contract or breach of the implied covenant of good faith and fair dealing implied in that contract against CTK. The insurance contract was between Federal and AASS. CTK was not a party to that contract nor has NHLC alleged any actionable facts specific to CTK. Even if CTK was an agent or broker of Federal, which Federal denies, it is not liable for the acts of Federal under California law. Moreover, the named defendant is a corporation which is dissolved. Finally, Federal's removal of this matter was timely filed within 30 days of the effective date of service.

DATED: May 26, 2011  NEWTON REMMEL

By: /s/ Stephen L. Newton
Stephen L. Newton
Attorneys for Defendant
FEDERAL INSURANCE COMPANY